UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY J. COLEMAN, | No. C 09-5742 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

## INTRODUCTION

Toby J. Coleman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the habeas petition, Coleman was convicted in Lake County Superior Court of contracting without a license, diversion of funds by a contractor, and perjury. See Cal. Penal Code §§ 118, 484(b); Cal. Bus & Prof. Code § 7028. On June 23, 2008, he was sentenced to five years of probation and 300 days in county jail.

Coleman appealed. The California Court of Appeal reversed a solicitation-of-perjury conviction and otherwise affirmed the judgment of conviction. The California Supreme Court denied his petition for review in July 2009. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following federal constitutional claims: (1) petitioner's Fourteenth Amendment right to due process was violated when the California Court of Appeal relied on facts and theories other than those argued at trial to determine that a witness' testimony had the necessary corroboration (Petition For Review, pp. 15-16); (2) petitioner's Fourteenth Amendment right to due process was violated because there was insufficient evidence to support the perjury conviction (Petition For Review, pp. 2, 16-17); (3) petitioner's Fourteenth Amendment due process rights to notice of the charges and to a jury trial were violated because the Information did not allege prior convictions and no evidence of such convictions was presented (Petition For Review, pp. 2-3, 20-22); and (4) petitioner's right to due process was violated because he was deprived of his state-created right to dismissal of one of the charges based on the expiration of the statute of limitations (Petition For Review, p. 20). Liberally construed, the allegations are cognizable in a federal habeas action and warrant a response.

The petition also asserts several claims for violations of and erroneous applications of state law. Federal habeas relief is not available for state law errors, and is only available for a violation of the Constitution, laws or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The state law claims are dismissed.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3. Respondent must file and serve upon petitioner, on or before **February 19, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 31, 2010**.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: December 11, 2009

Marilyn Hall Patel
United States District Judge