UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOBY J. COLEMAN,

    Petitioner,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.
                            /

No. C 09-5742 MHP (pr)

**ORDER DENYING APPLICATION FOR STAY OF STATE COURT PROCEEDINGS**

In this habeas action under 28 U.S.C. § 2254, Toby J. Coleman challenges his conviction in Lake County Superior Court for contracting without a license, diversion of funds by a contractor, and perjury. When he appealed, the California Court of Appeal upheld the conviction as to these several counts, but overturned the conviction on count 2 (i.e., the solicitation of perjury count) and stated that "[i]f the trial court's stay of the imposition of sentence is dissolved, the trial court shall take into account the reversal of appellant's conviction on count 2 when imposing sentence." Cal. Ct. App. Opinion, p. 24. Coleman's petition for review later was denied by the California Supreme Court.

After he filed his federal petition for writ of habeas corpus and this court issued an order to show cause, Coleman applied to this court for an order staying the state court proceedings. He filed this application on February 18, the day before he reportedly was set to be re-sentenced following his appeal. He stated in his application that he had remained at liberty on bond during the pendency of his appeal and that "[i]rreparable harm will occur if

the sentencing goes forward inasmuch as Petitioner will become a prisoner and forfeit all liberties." Application, p. 1.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-46 (1971) (extraordinary circumstances exist when there is danger of great and immediate irreparable loss; cost, anxiety and inconvenience of defending against good-faith criminal prosecution not extraordinary circumstance requiring federal intervention); Carden v. Montana, 626 F.2d 82, 84 (9th Cir.1980) (applying Younger to habeas petition challenging state pretrial proceedings; federal intervention appropriate only under "special circumstances," such as proven harassment, bad faith prosecution, or other extraordinary circumstances resulting in irreparable injury); Gilliam v. Foster, 61 F.3d 1070, 1074 (4th Cir. 1995) (en banc) (stay issued because retrial of petitioner would result in a double jeopardy violation).

Although principles of comity and federalism generally counsel restraint, Congress has specifically authorized stays in pending habeas actions. "A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." 28 U.S.C § 2251. The statute does not set any standards, but instead "dedicates the exercise of stay jurisdiction to the sound discretion of a federal court." McFarland v. Scott, 512 U.S. 849, 858 (1994). (Most of the cases on stays, like McFarland, concern stays of execution during the pendency of cases from death penalty habeas petitioners. The threat of the loss of life makes those cases categorically different from cases in which the petitioners face the threat of the loss of liberty before their habeas actions can be concluded.)

Stays under § 2251 are by no means automatic. An applicant must show a special circumstance for the court to exercise the unusual and highly intrusive power of issuing a stay to stop the state court from imposing and carrying out its sentence before the federal

court reaches the merits of his habeas petition. See Stepney v. Lopes, 597 F. Supp. 11, 13 (D. Conn. 1984) (staying state sentence during pendency of federal proceeding ill-advised in routine case; among other things, "a grant would deny the state the right to bring to conclusion its criminal prosecutions and the judgments of its courts after a conviction has been lawfully obtained.") Coleman does not want to serve his sentence before his federal habeas proceeding is concluded in the chance his conviction will be overturned, but that same sentiment probably is held by the majority of habeas petitioners and has never been thought sufficient to warrant a stay. Not only has Coleman not identified any special circumstance warranting a stay, one of his claims strongly points in the other direction. His Claim 3 pertains to the fine component of the sentence and therefore provides a special reason for this court to wait for the state court proceedings to conclude. In order for this court to review the sentence, it needs to know the sentence actually imposed by the state court. Coleman has not shown a special circumstance warranting a stay of the state court proceedings. His application for a stay therefore is DENIED. (Docket # 6.)

IT IS SO ORDERED.

DATED: February 22, 2010

Marilyn Hall Patel
United States District Judge